IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHIREEN DISEL NALLEY,

       Plaintiff,

v.                                                                            No. CIV 08-1000 LH/ACT

THE NEW MEXICO BEHAVIORAL
HEALTH INSTITUTE,
HUMAN SERVICES DEPARTMENT
OFFICE OF THE SECRETARY,
UNITED STATES ATTORNEY GENERAL,
JOANNE BURNESS,
UNITED STATES ATTORNEYS OFFICE,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review this pro se Plaintiff's original and amended civil rights complaints (together the "complaint"). Plaintiff appears to be incarcerated[1] and is proceeding in forma pauperis. For the reasons below, the complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

---

[1] Plaintiff resides, whether voluntarily or involuntarily, at the New Mexico Behavioral Health Institute in Las Vegas.

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Burness, a medical doctor, after privately stating that Plaintiff was incompetent, falsely testified in court that Plaintiff was competent.  The complaint does not specify the nature of the judicial proceeding in which the testimony was given or whether Plaintiff's placement at the Institute resulted from that proceeding.  Plaintiff characterizes Defendant Burness's conduct as negligent and asserts that the other named Defendants are vicariously liable.  The complaint seeks damages and certain equitable relief.

No relief is available on Plaintiff's allegations of false testimony against Defendant Burness.  A witness who testifies in judicial proceedings is absolutely immune from suit under 42 U.S.C. § 1983, even for allegedly false or contradictory testimony.  *See Briscoe v. LaHue*, 460 U.S. 325, 345 (1983).  A witness is similarly immune for a prior conspiracy to present false testimony, as may be alleged here.  *See Miller v. Glanz*, 948 F.2d 1562, 1570 (10th Cir. 1991).  Accordingly, Plaintiff's claims against Defendant Burness will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

The other named Defendants may not be held vicariously liable.  The complaint contains no allegations affirmatively linking Defendants New Mexico Behavioral Health Institute, Human Services Department Office Of The Secretary, United States Attorney General, or United States Attorneys Office to the asserted violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433,

1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss Plaintiff's claims against these Defendants.

Last, the Court construes Plaintiff's complaint as asserting, in part, state law claims. In view of the dismissal of the federal claims, the Court will decline to exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367(a) & (c), of these state law claims. The Court may "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c). Under § 1367(c)(3), the Court declines to exercise jurisdiction of Plaintiff's state law claims, and the complaint will be dismissed with prejudice. *But see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; all pending motions are DENIED as moot; and, pursuant to Fed. R. Civ. P. 58(a), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE